IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney L. Allen, | C/A No.: 1:14-1766-DCN-SVH |
| Plaintiff, | |
| vs. | |
| Mr. Kenny Atkinson, Warden; Mrs. Sorrell, Mailroom Supervisor; Mr. Hackenburg, Mailroom Officer; and Mrs. Lisa Sunderman, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff, proceeding pro se and in forma pauperis, is an inmate at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield") in the custody of the Federal Bureau of Prisons ("BOP"). He brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1], and sues the following BOP employees: Mr. Kenny Atkinson, Warden; Mrs. Sorrell, Mailroom Supervisor; Mr. Hackenburg, Mailroom Officer; and Mrs. Lisa Sunderman, Regional Counsel of Southeast Regional Office ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the

---

[1] In *Bivens*, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 and the case law involving § 1983 claims is applicable in *Bivens* actions.  *Farmer v. Brennan*, 511 U.S. 825 (1994).

district judge dismiss the complaint without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

In his complaint, Plaintiff alleges that on May 5, 2012, defendant Hackenburg opened Plaintiff's legal mail that was addressed to a relative and improperly confiscated his UCC-1 Finance Statement ("Finance Statement"). [Entry #1 at 4]. Plaintiff contends that he received an incident report for an unauthorized UCC-1 Finance Statement form, but argues he was not aware the Finance Statement was not authorized and that he was not provided proper facts to show the form was prohibited by BOP policy. *Id.* In September 2013, Plaintiff filed an administrative claim against Atkinson, Hackenburg, and Sorrell regarding the confiscation of the Finance Statement, but the claim was dismissed as untimely. *Id*. at 2. Plaintiff now asserts claims of mail fraud, obstruction of justice, and deprivation of honest service. *Id.* at 4. Plaintiff also brings a claim against Saunders "for the act of misleading plaintiff of the responses to plaintiff['s administrative claim] on June 3, 2013." *Id.* Plaintiff seeks injunctive relief and damages in the amount of $48,312.00. *Id.* at 6.

II.  Discussion

A.   Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

2

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

     Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Opening of Legal Mail

    Plaintiff alleges that defendants Atkinson, Hackenburg, and Sorrell improperly opened his legal mail addressed to a relative and confiscated a Finance Statement. [Entry

# 1 at 4]. To the extent Plaintiff is asserting a First Amendment violation regarding the alleged improper inspection of his mail, he fails to state a claim. A prison may open and inspect outgoing mail to determine if its contents may be censored without violating the First Amendment. *See Altizer v. Deeds*, 191 F.3d 540, 547–49 (4th Cir. 1999) (explaining that there is a legitimate penological interest in opening and inspecting an inmate's outgoing mail and certain outgoing mail may be censored). Further, Plaintiff's claim of a one-time censorship of his letter to a relative fails to state a cognizable First Amendment claim. *See Williamson v. Black*, 537 F. Supp. 2d 792, 794 (M.D.N.C. 2008) (holding isolated incidents of mail mishandling do not rise to the level of a constitutional violation). Additionally, Plaintiff fails to make any plausible factual allegations to support his claim that the letter to his relative was legal mail that implicated the Sixth Amendment. *See Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012) (holding although a court must accept the truthfulness of factual allegations, it need not accept the truthfulness of bare legal conclusions); *cf. Owens v. Padula*, C/A No. 8:06-3014-GRA-BHH, 2007 WL 2116440, at *10 (D.S.C. July 19, 2007) (noting that the Sixth Amendment may be implicated when an inmate sends a letter to his attorney about a pending criminal case). Further, Plaintiff does not show he was actually injured by the opening of the legal mail, nor does he allege that Defendants' conduct hindered his efforts to pursue a legal claim, and therefore Plaintiff's complaint also fails to state a constitutional claim that he was denied access to the courts. *Woods v. County of Wilson*, 2012 WL 777152 at *5 (E.D.N.C. 2012). Because Plaintiff's claims regarding the

4

opening of his mail do not state a constitutional claim, they should be summarily dismissed.

        2.       Obstruction of Justice/Deprivation of Honest Services

Plaintiff alleges that defendants Atkinson, Hackenburg, and Sorrell obstructed justice and deprived him of honest service when they confiscated his Finance Statement. Obstruction of justice and deprivation of honest services are criminal statutes that do not provide a private cause of action. *See Feldman v. Law Enforcement Associates Corp.*, 779 F.Supp.2d 472, 498 (E.D.N.C. 2011) (holding the violation of a federal obstruction of justice statute does not provide for a private cause of action); *United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. 2003) (holding the violation of a federal criminal statute does not provide for a private cause of action). To the extent these claims are an attempt by Plaintiff to initiate a prosecution for criminal offenses, Plaintiff's claims fail because a private citizen may not initiate a criminal prosecution. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Accordingly, the court should dismiss these claims for failure to state a claim upon which relief may be granted.

        3.       Miscarriage of Justice

Plaintiff's claim against defendant Sunderman for "miscarriage of justice" does not have any factual support, but instead is based on Plaintiff's allegation that defendant Sunderman misled him. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the

court must liberally construe a pro se complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcraft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555. Even liberally construed, Plaintiff has not stated a claim against Sunderman, and it is therefore recommended that this claim be dismissed. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (affirming dismissal of complaint which "failed to contain any factual allegations tending to support [plaintiff's] bare assertion").

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 20, 2014                                             Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).